**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INDUSTRY XPERIENCE, LLC, | |
| Plaintiff, | Case No. _____ |
| v. | Judge _____ |
| THE DANCE XPERIENCE, | DEMAND FOR A JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

For its complaint against Defendant The Dance Xperience ("Defendant"), Plaintiff Industry Xperience, LLC ("Plaintiff") alleges and states as follows:

**PRELIMINARY STATEMENT**

This is an action for infringement of Plaintiff's federally registered trademark INDUSTRY XPERIENCE (Reg. No. 4,793,878) and common law trademark and trade dress associated with the same mark under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark and trade dress infringement and unfair competition under the statutory and common laws of the State of Illinois, all arising from Defendant's use of THE DANCE XPERIENCE, X logo, and associated trade dress in connection with education services in the fields of dancing, acting, singing, and performing, in addition to various merchandise. In particular, Plaintiff has asserted that Defendant's use of its business name and trade dress in connection with dance conventions and merchandise is likely to and has caused consumer confusion. The following chart illustrates just a few examples of Plaintiff's marks in comparison to those of Defendant:

| Feature | Plaintiff | Defendant |
|---|---|---|
| Logo |  | |
| Use of Logo on Websites / Trade Dress | | |

Plaintiff seeks permanent injunctive relief and an award of profits and actual damages, among other remedies, for Defendant's unlawful conduct.

## PARTIES

1.      Plaintiff Industry Xperience, LLC is a limited liability company organized and existing under the laws of the State of California, having a business address at 5505 Colfax Avenue, North Hollywood, California 91601.

2.      Defendant The Dance Xperience is a corporation organized and existing under the laws of the State of California, having a business address at 10794 Los Vaqueros Circle, Los Alamitos, CA 90720.

## JURISDICTION AND VENUE

3.      This action arises and is brought under the Trademark Act of 1946, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Illinois common law.

2

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121.

5.      This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Illinois and within this district, including providing dance convention services, the advertising and sales of its services and merchandise through the Internet, and sales of its merchandise in person to Illinois residents.  It directs its marketing to Illinois consumers and targets Illinois consumers with its infringing trademark and trade dress, including for events in Illinois.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.  Defendant has knowingly committed tortious acts aimed at Plaintiff and is causing harm in this state and district, and Defendant is subject to personal jurisdiction herein.  Moreover, the damage to Plaintiff and Plaintiff's INDUSTRY XPERIENCE trademark, IX trademark, and associated trade dress has occurred and continues to occur in this judicial district.

## FACTUAL ALLEGATIONS AND BACKGROUND

### A.      The INDUSTRY XPERIENCE Trademarks and Associated Trade Dress

7.      Dance conventions are specialized, organized events that include, *inter alia*, different classes of different styles from different choreographers, who are normally well known to the dance community.  Held in various cities across the country, dance studios and their students are invited to attend these conventions to expand their repertoires, hone skills, and keep up to date with the latest styles. Approximately twenty (20) to forty (40) companies organize these niche touring dance conventions targeted at amateur youth dancers throughout the United States.

8.      Since at least June 2014, Plaintiff has operated as a well-known company in the dance industry, dedicated to the training of the next generation of artists through a high-end,

exclusive, personal experience brought directly to its customers.  Plaintiff has garnered a reputation for hosting high quality dance conventions throughout the United States.

9.      Holding approximately thirty-two (32) conventions per year, Plaintiff draws the attendance and participation of thousands of dancers in cities coast to coast, including Chicago, Illinois, where Plaintiff holds conventions annually.

10.     Plaintiff prides itself on bringing the large convention atmosphere to individual studios across the country, allowing every studio, regardless of its affiliation, to train with rotating renowned industry professionals.  Plaintiff's conventions are typically held at one studio location in each city over the course of a weekend, and other studios and their students from the same region also attend.  Approximately thirty (30) to sixty (60) students attend each of Plaintiff's conventions. Participants leave with higher knowledge in all aspects of the entertainment industry and a renewed excitement for what their futures hold.

11.     Plaintiff's convention-style classes include instruction in ballet, jazz, tap, contemporary, musical theater, hip-hop, lyrical, improvisation and more.  Among its other offerings, Plaintiff provides instruction in on-camera commercial acting for dancers and on-camera commercial dance as well as an audition and resume workshop and access to industry professionals.  Registrants and observers are invited to commemorate their attendance through purchasing Plaintiff branded merchandise, including but not limited to those pictured in Exhibit A.

12.     Each Plaintiff event concludes with a full-scale showcase as well presentations of awards and scholarships from nationally recognized universities and dance centers.

13.     Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 4,793,878 registered on the Principal Register in the United States Patent and Trademark Office for the trademark INDUSTRY XPERIENCE.  Attached as Exhibit B is a true and correct

4

copy of the registration certificate for Plaintiff's United States Trademark Registration No. 4,793,878, which was issued by the United States Patent and Trademark Office on August 18, 2015.

14.     Plaintiff's INDUSTRY XPERIENCE trademark is used with the following goods and services:

- Tshirts, Hooded Sweatshirts, 3/4 Sleeve Shirts, and Leggings in international class 025; and

- Education services, namely, providing workshops in the fields of dancing, acting, singing, and performing in international class 041.

15.     Plaintiff is also the owner of the common law IX trademark used in conjunction with the same goods and services as its registered INDUSTRY XPERIENCE mark. Plaintiff has used the IX trademark, usually in a stylized or design form, in media, schedules, websites, promotional materials, merchandising, and letterhead. The stylized IX design on Plaintiff's goods and services features the IX trademark with the I vertically bisecting the X. In some instances, such as promotional videos, the IX trademark is animated and portrayed spinning.

16.     Typically bright green accompanied by black, pink and purple, the IX trademark is featured front and center on Plaintiff's online presence, including social media, in addition to Plaintiff's merchandise, and convention trade dress ("IX Trade Dress"). (*See* Exs. A, C-E.) Outside of the color scheme, the IX trade dress and advertisements commonly include the slogan "TRAINING FOR THE NEXT GENERATION." (*See, e.g.*, Ex. D.; Industry Xperience, *INDUSTRY XPERIENCE CHICAGO – On-Camera Commercial Dance*, YOUTUBE (Jan. 7, 2018), https://www.youtube.com/watch?v=BYeDUeepS20; Industry Xperience, *INDUSTRY XPERIENCE PROMO*, YOUTUBE (Nov. 13, 2017), https://www.youtube.com/watch?v=Hp3DuWZLXw0.)

5

17.     Immediately upon walking into one of Plaintiff's conventions, a dancer knows exactly whose event he or she is attending, as Plaintiff takes care to consistently display its logo and promotional items throughout the transformed hosting space.  (*See, e.g.*, Ex. D.; Industry Xperience, *INDUSTRY XPERIENCE CHICAGO – On-Camera Commercial Dance*, YOUTUBE (Jan. 7, 2018), https://www.youtube.com/watch?v=BYeDUeepS20; Industry Xperience, *INDUSTRY XPERIENCE PROMO*, YOUTUBE (Nov. 13, 2017), https://www.youtube.com/watch?v=Hp3DuWZLXw0.)  Floor to ceiling banners display the IX trademark throughout each space, including studio backdrops.  (*See id.*)

18.     Collectively, Plaintiff's INDUSTRY XPERIENCE trademark, IX mark, and IX Trade Dress ("IX Marks") form the foundation of Plaintiff's impeccable brand.

19.     Plaintiff promotes its events online and through social media, including Facebook, Instagram and YouTube.  (*See* Exs. C-D.)  To date, Plaintiff has over 5,000 followers across its social media accounts and has expended substantial money to promote, advertise, and expand the IX Marks in connection with educational dance services offered across the country.

20.     In addition to its online promotional work, Plaintiff relies on print advertisements and word of mouth, particularly past participants, local studios, other conventions, and trade shows to market its services.  While Plaintiff does target studios directly, its foothold and reputation in the industry has led to unsolicited invitations for studio takeovers.

21.     Since 2014, Plaintiff has continuously used the IX Marks to promote its education services, including those in the fields of dancing, acting, singing, and performing.  Plaintiff has invested significant marketing efforts and financial resources, making the IX Marks valuable assets to Plaintiff.

22.     As a result of its widespread, continuous and exclusive use of the IX Marks to identify its goods and services, and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the IX Marks.

23.     The IX Marks are strong trademarks having widespread recognition with the relevant consumers and signify the high quality of Plaintiff's goods and services.  The INDUSTRY XPERIENCE trademark has also acquired secondary meaning to the consuming public and within the relevant industry.  As such, the IX Marks have acquired a strong distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**B.      Defendant's Services and Past History of Benefitting From Others' Dance Convention Related Marks and Trade Dress**

24.     Upon information and belief, Defendant provides nearly identical services to those of Plaintiff, including a national tour of conventions comprising dance workshops, classes and seminars.  At the end of each Defendant event, registrants are invited to participate in a showcase for chances to win awards and scholarships.

25.     Upon information and belief, Defendant was not formed until on or around July 24, 2019.

26.     Upon information and belief, Defendant was previously known as PULSE until PULSE rebranded to "The Pulse Dance Experience" in 2017.  Upon further information and belief, in 2018, The Pulse Dance Experience rebranded to NEXUS: A DANCE EXPERIENCE.

27.     Upon information and belief, after rebranding to NEXUS: A DANCE EXPERIENCE, Defendant was contacted by Ms. Rhonda Sevey on behalf of Utah Academy Dance Studios II Inc. ("UADS"), the owner of the federally registered trademark NEXUS DANCE CONVENTIONS & COMPETITIONS.

28.     Upon information and belief, UADS sent a cease and desist letter to Defendant, who soon after rebranded to NEX.  Upon further information and belief, UADS was receiving and continues to receive calls from people and companies looking for NEXUS: A DANCE EXPERIENCE a/k/a NEX, confusing UADS with the registered NEXUS.

29.     Upon information and belief, one of these companies seeking NEXUS: A DANCE EXPERIENCE a/k/a NEX was a New Jersey production company, who alleged lost money and equipment.

30.     A simple search of "#nexusdanceexperience" on Instagram results in a number of posts alleging breach of contract against NEXUS: A DANCE EXPERIENCE a/k/a NEX as well as Pulse, a small sample of which is attached as Exhibit F.

**C.     Defendant's Infringing Activity Leading to this Complaint**

31.     Without Plaintiff's authorization, and beginning long after Plaintiff acquired protectable exclusive rights in the IX Marks, Defendant adopted and began using marks and trade dress confusingly similar to the IX Marks.  Namely, upon information and belief, prior to July 24, 2019, Defendant was operating as NEXUS: A DANCE EXPERIENCE a/k/a NEX.  Defendant further utilized a stylized X for its brand.  (*See* Ex. G.)

32.     Upon information and belief, upon the formation of THE DANCE XPERIENCE in late July 2019, Defendant maintained the stylized X, which now features prominently on its social media pages, merchandise and convention trade dress.  (*See* Ex. H; THE DANCE XPERIENCE, https://tdxdancetour.com/ (last visited Oct. 9, 2019).)

33.     Like Plaintiff, Defendant animates the stylized X front and center on its social media page (e.g., https://www.facebook.com/tdxdancetour/), while displaying the still version of it on all trade dress and advertisement.  (*See* Ex. H; THE DANCE XPERIENCE,

https://tdxdancetour.com/ (last visited Oct. 9, 2019).)  This stylized X is typically set in a bold color scheme of purple, green, pink, and black.

34.     Defendant also displays the stylized X prominently on floor to ceiling displays, including backdrops for dancers.  (*See* Ex. H.)

35.     Further, Defendant consistently uses the phrase "THE NEXT GENERATION" in its displays, advertisements and infringing trade dress.  (*See* Ex. H.)

36.     Collectively, the word XPERIENCE in Defendant's name, the stylized X, and selective color palette with short slogan constitute marks and trade dress ("Infringing Marks") confusingly similar to the IX Marks:

| Feature | Plaintiff | Defendant |
|---|---|---|
| **Logo** |  |  |
| **Use of Logo on Websites / Trade Dress** |  |  |

9



| Slogan/Tag Line | | |
|---|---|---|
| **Use of Logo on Social Media** | | |

37.     Upon information and belief, Defendant engaged in the use of the Infringing Marks with full knowledge of the IX Marks, as on or about August 19, 2019, Defendant invited one of Plaintiff's co-owners, Jeremy Duvall to "like" Defendant's Facebook page, and further, on or about August 21, 2019, Defendant also invited Plaintiff's faculty Judith Rice to "like" Defendant's Facebook page.  (*See* Ex. I.)

38.     Upon information and belief, Defendant has been engaged in the provision of educational dance services using the Infringing Marks throughout the entirety of the U.S.  Attached as Exhibit J are screenshots representative of Defendant's conventions and showing Defendant's use of the Infringing Marks.

39.     Upon information and belief, Defendant will be holding a convention in Chicago this very week.  On or about August 27, 2019, LOVV The Dance Studio, a repeat attendee of Plaintiff's past Chicago events, received an email from Defendant notifying the studio of an upcoming event in Chicago on October 11-13, 2019 at the Donald Stephens Convention Center.

(*See* Ex. K.)  Defendant invited LOVV The Dance Studio to "view all the information regarding this new and exciting convention" on Defendant's website, which confirms such an event. (*See id.*)

40.     Upon information and belief, the goods and services Defendant provides, sells, offers to sell, distributes, markets, advertises, and/or promotes under the Infringing Marks are educational dance services and merchandise denoting the same, which are confusingly similar to the goods and services associated with the IX Marks.

41.     Upon information and belief, Defendant has sold, offered to sell, distributed, marketed, advertised, promoted, offered for sale, and sold its goods and services under the Infringing Marks through at least an online retail store.

42.     Upon information and belief, Defendant has marketed, advertised, and promoted its goods and services under the Infringing Marks through the same channels, including through the Internet, as that of Plaintiff.

43.     Upon information and belief, Defendant offers and sells its goods and services under the Infringing Marks to the same types of consumers to whom the goods and services are offered to under the IX Marks.

44.     During handful of weeks that Plaintiff and Defendant have co-existed, there has been at least one instance of actual confusion caused by the use of Defendant's service mark and affiliated trade dress simultaneously with those of Plaintiff.  On or about September 3, 2019, a client of Defendant emailed Plaintiff requesting a schedule for an upcoming Defendant event. (*See* Ex. L.)  In addition to this direct client communication, studios that Plaintiff has previously worked with for its conventions have also expressed concern with the similarities between the logo and trade dress of Defendant and the IX Marks.  (*See, e.g.*, Ex. K.)

11

45. On August 29, 2019, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Marks.

46. On September 9, 2019, Defendant's counsel responded, stating that Defendant would continue to use the Infringing Marks. Plaintiff's counsel has tried without success to resolve this matter, and again on October 8, 2019, Defendant's counsel advised that Defendant would continue using the Infringing Marks.

47. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of origin of Defendant's goods and services and have and are likely to deceive the relevant consuming public into mistakenly believing that Defendant's goods and services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

48. Defendant's infringing acts are likely to cause harm to Plaintiff should consumers mistakenly believe that Plaintiff is affiliated with Defendant due to Defendant's business reputation under the previous names that it used, including the X logo.

49. Defendant's infringing acts as alleged herein have resulted in actual confusion as evidenced by customers emailing and contacting Plaintiff based on an advertisement from Defendant promoting the Infringing Marks.

50. Upon information and belief, and based on Defendant's past disregard of protected trademarks, Defendant's acts are willful with the deliberate intent to trade off the goodwill of Plaintiff's marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods and services to Defendant.

51.    Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement 15 U.S.C. § 1114(1)(a)

52.    Plaintiff repeats and realleges paragraphs 1 through 51 hereof, as if fully set forth herein.

53.    Plaintiff owns all rights, title, and interest in and to the INDUSTRY XPERIENCE mark, including but not limited to all common law rights in the mark due to Plaintiff's first use of the mark.

54.    Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein occurred long after Plaintiff began using the INDUSTRY XPERIENCE mark to identify its goods and services and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.  Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55.    Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the INDUSTRY XPERIENCE mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

56.    Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, as well as Plaintiff's goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

57.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition 15 U.S.C. § 1125(a)(1)(A)

58.    Plaintiff repeats and realleges paragraphs 1 through 57 hereof, as if fully set forth herein.

59.    Plaintiff owns all rights, title, and interest in and to the INDUSTRY XPERIENCE mark, including but not limited to all common law rights in the mark due to Plaintiff's first use of the mark.

60.    Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

61.    Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

62.    Upon information and belief, Defendant's conduct as alleged herein is willful and intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Plaintiff.

63.    Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

14

64.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

65.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**Federal Unfair Competition 15 U.S.C. § 1125(a)(1)(A)**

66.     Plaintiff repeats and realleges paragraphs 1 through 65 hereof, as if fully set forth herein.

67.     Plaintiff owns all rights, title, and interest in and to the IX trademark, including but not limited to all common law rights in the mark due to Plaintiff's first use of the mark.

68.     Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

69.     Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

70.     Upon information and belief, Defendant's conduct as alleged herein is willful and intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Plaintiff.

71.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

72.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

73.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**
**Federal Unfair Competition 15 U.S.C. § 1125(a)(1)(A)**

74.     Plaintiff repeats and realleges paragraphs 1 through 73 hereof, as if fully set forth herein.

75.     Plaintiff owns all rights, title, and interest in and to the IX Trade Dress, including but not limited to all common law rights in the trade dress due to Plaintiff's first use of the IX Trade Dress.

76.     Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

77.     Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

16

78.     Upon information and belief, Defendant's conduct as alleged herein is willful and intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Plaintiff.

79.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

80.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

81.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF
### Illinois Deceptive Trade Practices

82.     Plaintiff repeats and realleges paragraphs 1 through 81 hereof, as if fully set forth herein.

83.     This Claim is based on unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq.*).

84.     Defendant has used and is currently using marks confusingly similar to the IX Marks to identify its goods and services and to distinguish them from the goods and services of others.

85.     Plaintiff owns all rights, title, and interest in and to the IX Marks, including but not limited to all common law rights in the marks due to Plaintiff's first use of IX Marks.

86. Defendant's unauthorized use of marks confusingly similar to the IX Marks for its goods and services is likely to cause confusion, mistake or deception as to source, affiliation, connection, or association of Defendant's goods and services with Plaintiff, or as to the sponsorship, approval or affiliation of Defendant with Plaintiff in violation of 15 U.S.C. § 1114.

87. Defendant adopted and used the Infringing Marks with either actual and constructive notice or knowledge (pursuant to 15 U.S.C. § 1072) of Plaintiff's superior exclusive rights in the IX Marks.

88. Defendant has refused to cease using the Infringing Marks despite Plaintiff's requests that it do so. Defendant's actions therefore constitute knowing, deliberate and willful infringement of the IX Marks and make this an exceptional case under 15 U.S.C. § 1117(a).

89. As a result of Defendant's knowing, deliberate, and willful infringement of the IX Marks, Plaintiff has been irreparably harmed. Plaintiff has no adequate remedy at law.

90. Defendant will continue such infringement unless enjoined by this Court.

### SIXTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

91. Plaintiff repeats and realleges paragraphs 1 through 90 hereof, as if fully set forth herein.

92. Plaintiff owns all rights, title, and interest in and to the INDUSTRY XPERIENCE and IX trademarks, including but not limited to all common law rights in such marks due to Plaintiff's first use of the marks in this district.

93. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein occurred long after Plaintiff began using the INDUSTRY XPERIENCE and IX trademarks and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that

Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

94. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

95. By reason of its acts, Defendant has committed trademark infringement under Illinois common law.

96. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

97. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Illinois common law, together with prejudgment and post-judgment interest.

### SEVENTH CLAIM FOR RELIEF
**Common Law Trade Dress Infringement**

98. Plaintiff repeats and realleges paragraphs 1 through 97 hereof, as if fully set forth herein.

99. Plaintiff owns all rights, title, and interest in and to the IX Trade Dress, including but not limited to all common law rights in such trade dress due to Plaintiff's first use of the IX Trade Dress in this district.

100. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein occurred long after Plaintiff began using the IX Trade Dress and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services

are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

101.    Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

102.    By reason of its acts, Defendant has committed trademark infringement under Illinois common law.

103.    Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

104.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Illinois common law, together with prejudgment and post-judgment interest.

## EIGHTH CLAIM FOR RELIEF
### Common Law Unfair Competition

105.    Plaintiff repeats and realleges paragraphs 1 through 104 hereof, as if fully set forth herein.

106.    Plaintiff owns all rights, title, and interest in and to the IX Marks, including but not limited to all common law rights in such marks due to Plaintiff's first use of the IX Marks in this district.  Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein occurred long after Plaintiff began using the IX Marks and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized,

endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

107.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

108.     By reason of its acts, Defendant has committed unfair competition under Illinois common law.

109.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

110.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Illinois common law, together with prejudgment and post-judgment interest.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A.     That Defendant has violated Section 32 of the Lanham Act and Section 43(a) of the Lanham Act.

B.     Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

      a.   engaging in any activity that infringes Plaintiff's rights in the IX Marks;

b. manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote Defendant's goods and services confusingly similar to Plaintiff's goods and services bearing the IX Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the IX Marks;

c. injuring Plaintiff's business reputation and goodwill associated with the IX Marks and from otherwise unfairly competing, directly or indirectly, with Plaintiff;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

e. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Marks or any other mark that infringes or is likely to be confused

22

with the IX Marks, or any goods and services of Plaintiff, or Plaintiff as their source; and

g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

C. Granting such other and further relief as the Court may deem proper to prevent the public from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services.

D. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark comprising of or incorporating XPERIENCE, a stylized X, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of the IX Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods and services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials featuring or bearing the mark XPERIENCE, a stylized X, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the IX Marks, and to immediately remove them from public access and view.

E.      Directing that Defendant recall and deliver up for destruction pursuant to 15 U.S.C. § 1118 all goods, packaging, containers, advertisements, promotions, signs, displays and related materials incorporating or bearing the XPERIENCE mark or stylized X or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the IX Marks.

F.      Directing pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

G.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

H.      Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

I.      Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

J.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorney's fees thereunder (15 U.S.C. § 1117(a)).

K.      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

L.      Awarding such other and further relief as the Court deems just and proper.

Dated:  October 10, 2019

Respectfully submitted,

**Industry Xperience, LLC**

By:  _/s/ Adam Wolek_

Adam Wolek (local counsel)
awolek@taftlaw.com
Taft Stettinius & Hollister LLP
111 East Wacker, Suite 2800
Chicago, IL 60601
Telephone:     (312) 836-4063
Facsimile:     (312) 527-4011

Amanda H. Wilcox (_pro hac vice_ to be filed)
awilcox@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
Tel:     (216) 241-2838
Fax:     (216) 241-3707

Rachel A. Smoot (_pro hac vice_ to be filed)
rsmoot@taftlaw.com
Taft Stettinius & Hollister LLP
65 East State St., Suite 1000
Columbus, OH 43215-4213
Tel:     (614) 220-0222
Fax:     (614) 221-2007