IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDUSTRY XPERIENCE, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>THE DANCE XPERIENCE,<br><br>        Defendant. | Case No. 1:19-cv-06724<br><br>Hon. Jorge L. Alonso<br><br>Plaintiff Demands a Trial by Jury |

**JOINT INITIAL STATUS REPORT**

Counsel for the Plaintiff and Defendant jointly file this Joint Initial Status Report.

**I.  The Nature of the Case**

    **A.  State the basis for federal jurisdiction.**

The basis for federal jurisdiction is that the action arises under the trademark laws of the United States of America, including 15 U.S.C. § 1051, *et seq*. Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121. The Plaintiff also alleges supplemental jurisdiction under 28 U.S.C. § 1367 of Illinois common law claims because the claims represent a part of the same case or controversy.

    **B.  Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

From the Plaintiff's perspective, this is an action for infringement of Plaintiff's federally registered trademark INDUSTRY XPERIENCE (Reg. No. 4,793,878) and common law trademark and trade dress associated with the same mark under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark and trade dress infringement and unfair competition under the statutory and common laws of the State of Illinois, all arising from Defendant's use of THE DANCE XPERIENCE, X logo, and associated trade dress

in connection with education services in the fields of dancing, acting, singing, and performing, in addition to various merchandise. In particular, Plaintiff has asserted that Defendant's use of its business name and trade dress in connection with dance conventions and merchandise is likely to and has caused consumer confusion.

From the Defendant's perspective, there is no likelihood of confusion between the marks and trade dress the Defendant uses and Plaintiff's marks and trade dress. The parties' respective marks and trade dress are distinct and different. Even if Plaintiff were able to show some similarity among the marks and trade dress, it cannot show damages attributable to Defendant's alleged infringement. Finally, Plaintiff comes to this matter with unclean hands because Plaintiff has misstated and mischaracterized the scope of its trademark rights, wrongfully accused Defendant on social media of using verbiage from Plaintiff's website, of "blatant stealing," and of being "#ShadyPeople."

    **C.**    **Describe the relief sought.**

The Plaintiff is seeking injunctive relief, an order that Defendant recall and deliver up for destruction pursuant to 15 U.S.C. § 1118 all goods, packaging, containers, advertisements, promotions, signs, displays and related materials incorporating or bearing the XPERIENCE mark or stylized X or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the IX Marks, lost profits, punitive damages, and attorney's fees.

    **D.**    **State whether there has been a jury demand.**

The Plaintiff has demanded a jury trial.

    **E.**    **List the names of any parties who have not yet been served.**

None.

II.      **Discovery and Pending Motions**

    A.      **Identify any pending motions.**

There are no pending motions.

    B.      **The status of discussions involving mandatory initial discovery responses, including any resolved and unresolved issues regarding it.**

This case is in the Mandatory Initial Discovery Pilot ("MIDP") Project. On December 4, 2019, the parties met and conferred regarding the MIDP and discovery schedule. The parties shall make disclosures pursuant to the MIDP per the Program rules in lieu of Rule 26(a)(1) disclosures on December 20, 2019.

    C.      **A brief description of any discovery, apart from the Court-ordered discovery required under the Standing Order implementing the Mandatory Initial Discovery Pilot Project, that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff.**

At this time, no discovery has been taken. The parties contemplate written and oral discovery as well as some limited electronic discovery ("ESI"). The numbers of written discovery requests and depositions shall be within those prescribed by the Federal Rules of Civil Procedure. The parties propose that all fact discovery be completed by April 3, 2020 and all expert discovery by June 19, 2020. The parties propose a deadline to file motions for summary judgment by July 31, 2020.

III.     **Trial**

    A.      **If reasonably ascertainable at this early stage of the case, the earliest date the parties would be ready for trial and the estimated length of trial.**

At this time, it is not readily ascertainable when the parties would be ready for trial. However, the parties estimate the probable length of trial is five days.

    B.      **State whether there has been a jury demand.**

Plaintiff has requested a jury trial.

**IV.** **Settlement and Referrals**

    **A.** State whether any settlement discussions have occurred and describe the status of any settlement discussions. (Do *not* provide any particulars of any demands or offers that have been made.)

Counsel for Plaintiff and Defendant had two meetings to discuss Plaintiff's claims on October 30 and November 22, 2019. Those meetings did not result in a resolution.

    **B.** State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.

The parties do not request such a conference.

    **C.** State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether all parties <u>unanimously</u> consent to that procedure. The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The parties' counsel have advised their respective clients about the possibility of proceeding before the assigned Magistrate Judge. The parties do not consent to that procedure.

Dated: December 6, 2019

By: /s/ Adam Wolek

Adam Wolek
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: 312-836-4063
Facsimile: 312-527-4011
awolek@taftlaw.com

Amanda H. Wilcox
(*pro hac vice to be filed*)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114
Telephone: 216-241-2838
Facsimile: 216-241-3707
awilcox@taftlaw.com

By: /s/ Brendan J. Healey

Steven K. Baron
Brendan J. Healey
BARON HARRIS HEALEY
225 W. Washington Street, Suite 2200
Chicago, Illinois 60606
Telephone: 312-741-1030
sbaron@bhhlawfirm.com
bhealey@bhhlawfirm.com
*Attorneys for Defendant The Dance Xperience*

4

Rachel A. Smoot
(*pro hac vice to be filed*)
TAFT STETTINIUS & HOLLISTER LLP
65 East State Street, Suite 1000
Columbus, OH 43215
Telephone: 614-221-2838
Facsimile: 614-221-2007
rsmoot@taftlaw.com

*Attorneys for Plaintiff Industry Xperience, LLC*