**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INDUSTRY XPERIENCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-06724 |
| | ) | Judge Jorge L. Alonso, assigned |
| v. | ) | |
| | ) | Case No. 20-cv-1792 |
| THE DANCE XPERIENCE, | ) | Judge Robert M. Dow, Jr., emergency |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before Judge Dow as emergency judge. For the reasons set forth below, Plaintiff's motion for a temporary restraining order ("TRO") [44] is granted. Specifically, the Court orders the following for the period of April 16, 2020, through April 30, 2020:

1) Defendant and any persons in active concert or participation with it shall be temporarily restrained and enjoined from transferring, disposing of, encumbering or secreting any accounts, money or other of Defendant's assets until further ordered by this Court, except as provided in Paragraph 2

2) Defendant, and any person acting on Defendant's behalf, may refund payments made by Defendant's customers for goods or services that Defendant will no longer provide, and Defendant shall keep records of any refunds, including at a minimum the date of payment, amount of payment, identity of the recipient, method of payment, and services or goods for which the recipient is being refunded

3) After receiving actual notice of this order under Fed. R. Civ. P. 65(d)(2), any banks, savings and loan associations, payment processors, PayPal or other financial

institutions, for Defendant or Defendant's websites acting in active concert or participation with Defendant shall within two (2) business days:

   a. Locate all accounts connected to Defendant or Defendant's websites; and

   b. Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendant's assets unless such transfer is made under Paragraph 2 or until further ordered by this Court.

4) Plaintiff is entitled to limited expedited discovery regarding Defendant's assets and accounts. Accordingly, Defendant must produce to Plaintiff by April 20, 2020, information pertaining to its assets and finances, including statements from all bank accounts associated with the business.

This case is set for a telephonic status hearing on April 30, 2020 at 10:00 a.m. Two days prior to the status hearing, the parties are ordered to submit a joint status report updating the Court on: the parties' compliance with this order; Plaintiff's progress identifying and requesting freezes of Defendant's assets; the parties' progress with discovery under this order; and whether circumstances justify extending this order for an additional 14 days.

## I. Background[1]

This is a trademark action between two companies that host dance competitions. In its complaint filed in October 2019, Plaintiff alleges that it was in the industry earlier and that Defendant, a later entrant, committed trademark infringement and other related unlawful activities. Plaintiff represents (and Defendant has not denied) that as of March 4, 2020, the parties had

---

[1] The information in this section is drawn from Plaintiff's Complaint [1] and the briefs and other materials that the parties submitted in support of and opposition to Plaintiff's motions for a TRO (see 19-cv-6742, [12, 44, 45, 46, 48, 49]) as well as statements by counsel at oral argument on April 10, 2020.

reached an amicable resolution of this matter and were working on settlement documents, pursuant to which Defendant would pay Plaintiff a sum in exchange for a release from Plaintiff's claims.

However, according to Plaintiff, on March 20, counsel for Defendant reported that Defendant "is dissolving immediately" and would not take any further action on this matter. Counsel for Defendant subsequently filed a motion to withdraw before the assigned judge, which was noticed for presentment on April 7 before the assigned judge but was not heard on that day because of the delay in hearing civil matters of a non-emergency basis on account of the ongoing public health crisis.

On April 6, 2020, Plaintiff filed a motion for a temporary restraining order ("TRO") containing two requests: (1) a temporary freeze of Defendant's assets and (2) limited discovery into Defendant's assets. In support of its request, Plaintiff asserts that it will be entitled to an equitable accounting. Plaintiff also claims that Defendant has a history of shutting down operations and then resuming the same business under a new name. Plaintiff's motion was filed on the COVID-19 emergency docket (see 20-cv-1792, [141]) but not on the case's regular docket. As a result, the Court's order setting a briefing schedule was entered on the emergency docket (see 20-cv-1792, [148]) but not the regular docket. The Court noticed the error on April 9 and entered a second order with a new briefing schedule, including oral argument on April 10. See 20-cv-1792, [201] and 19-cv-6724, [42]. Oral argument was held on April 10, 2020 at 1:30 p.m. The parties were unable to come to an agreement regarding an asset freeze and discovery (see 19-cv-6724 [48]), and Plaintiff filed a reply brief 19-cv-6724 [49] on April 14, 2020.

**II.     Legal Standard**

In determining whether to issue an order restraining a defendant's assets, the Seventh Circuit stated that generally a plaintiff must show: (1) a likelihood of success on the merits; (2)

3

immediate and irreparable harm as a result of the defendant's infringing activities; (3) an inadequate remedy at law; (4) the balance of hardships favors the movant; and (5) public interest factors the injunction (to the extent granting or denying a preliminary injunction will have consequences beyond the immediate parties). *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 382–83 (7th Cir. 1984); see also *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc.,* 549 F.3d 1079, 1085–86 (7th Cir. 2008). The Court balances the potential harms on a sliding scale against the movant's likelihood of success. The greater the movant's likelihood of success, "the less strong a showing" the movant "must make that the balance of harm is in its favor." *Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003).

### III. Analysis

A district court may not freeze a defendant's assets solely to preserve a plaintiff's right to recover damages. *Grupo Mexicano de Desarollo, S.A. v. Aliance Bond Fund,* 527 U.S. 308 (1999). The decision in *Grupo Mexicano,* however, did not concern the preliminary relief available in a suit seeking an equitable remedy. 527 U.S. at 325. Indeed, the Supreme Court noted that a restraint on assets was still available when the suit sought an equitable relief. *Id.* at 325 (citing *Deckert v. Independence Shares Corp.,* 311 U.S. 282 (1940) (upholding prejudgment asset freeze in case seeking equitable relief, including appointment of receiver to wind up corporation, rescission of contracts, and the return of disputed fund of money)). In this matter, Plaintiff seeks, among other relief contemplated by the Lanham Act, disgorgement of Defendant's profits, which is an equitable remedy. *CSC Holdings, Inc. v. Redisi,* 309 F.3d 988, 996 (7th Cir.2002); *BASF Corp.,* 41 F.3d at 1095-96. Therefore, an order freezing Defendant's assets is within the Court's authority. The question then becomes whether Plaintiff has made the showing required for the Court to enter a TRO. The Court finds that it has.

4

Plaintiff has made a sufficient showing of likelihood of success on the merits. The allegations in the complaint on their own are probably enough for Plaintiff to clear this "minimal hurdle," *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, 2005 WL 3115892, at *14 (N.D. Ill. Nov. 8, 2005), but the Court also notes Plaintiff's representation—unrefuted by Defendant—that the parties discussed, and at least tentatively agreed on, settlement terms that included Defendant paying Plaintiff in exchange for a release. The record demonstrates that Plaintiff has a non-negligible chance of success on the merits of both its underlying trademark claims and a motion for enforcement of the reported settlement agreement.

Plaintiff has also established that it will face both irreparable harm and an inadequate remedy at law without a TRO. The defendant corporation is dissolving; if it disappears or its assets are completely dissipated, Plaintiff will be unable to get its equitable accounting. Furthermore, Plaintiff has asserted that Defendant has a history of shutting down and reopening under a new name, which would make it difficult if not impossible for Plaintiff to recover later. In its response, Defendant offers no assurances — that they have not transferred or dissipated assets; that they will not do so; or that they will not take the assets of the existing company and reopen as a new entity. Defendant does point out that its business and website are no longer functional and not displaying any potentially infringing marks, which benefits Plaintiff's position in the suit as a whole. But the focus of this motion for a TRO is dissipation of assets that could be used to pay settlement amount (if enforceable) or disgorgement (if Plaintiff's claims are proven at trial), to which Defendant does not respond. As a result, these two factors weigh in favor of Plaintiff.

Defendant offered no suggestion that it would face harm from the TRO Plaintiff seeks, meaning the balance of harms favors Plaintiff. Regarding third parties who would be affected by the TRO, Defendant's counsel stated during oral argument that Defendant was offering refunds to

customers and a TRO would prevent it from making those payments. Plaintiff's counsel said Plaintiff had no objections to a carve-out in the TRO for customer refunds. Though this factor does not weigh strongly in favor of either party, the Court agrees that a carve-out for refunds is appropriate. If other yet-unidentified third parties are negatively affected by the TRO, Defendant may file a motion to modify this order and present relevant evidence to Court in support of its motion.

In sum, Plaintiff has made a sufficient showing to warrant a TRO. A temporary freeze of Defendant's assets is appropriate. So too is discovery into Defendant's assets, as long as it remains proportional to the needs of the case at this stage. The proposed limits on discovery—covering only Defendant's financial assets, for the period of February 1, 2020 through April 15, 2020, to be completed by next Monday, April 20, 2020—strike the Court as reasonable and proportional. As Plaintiff notes in its reply brief, depending on the number of accounts Defendant has, the sum total of the discovery requested by Plaintiff and required by this order "may only be a few PDFs." [49, at 1 n.1.]

There is one last matter: Plaintiff's filings do not discuss bond, despite the fact that Fed. R. Civ. Pro. Rule 65(c) requires it for a TRO to be issued (and despite Defendant's flagging the issue in the response brief). Given Plaintiff's silence and the scope of the case (as described at last Friday's hearing), the Court surmises that a $10,000 bond is appropriate and directs Plaintiff to post a bond in that amount. But the Court also has the power to modify bond requirements, and if either party wishes to present evidence that a different amount is appropriate, that party may move to modify the bond.

**IV.     Conclusion**

For the reasons set forth above, Plaintiff's motion [44] for a TRO is granted.  This case is set for a telephonic status hearing on April 30, 2020 at 10:00 a.m.  Joint status report as described above is due on April 28, 2020.

Dated: April 16, 2020

_____
Robert M. Dow, Jr.
United States District Judge